{¶ 8} Appellant was found with a "stem" containing partially burnt vegetation in one end.
A small baggie of marijuana was found in the car in which she was a passenger. Police and prosecutors assumed that the stem had been used to smoke marijuana and initially charged appellant with misdemeanor possession of marijuana and drug paraphernalia. No one saw any evidence of cocaine, including the forensic lab that tested the stem. It was only by trace analysis on a minute residue found in the stem that it was determined the object once — some time — contained cocaine.
 {¶ 9} There is a report, likely apocryphal, that a significant percentage of the money circulating in the United States is coated with small amounts of cocaine. Although the basis of this report is dubious, who can doubt that there is some probability that many people are unknowingly carrying cocaine tainted money. Case law holds that even a trace of cocaine is sufficient to support a possession conviction. However, in order to criminally prosecute anyone with cocaine coated tender, there would need to be some evidence that the person knew what he or she possessed. There must be evidence of scienter.
 {¶ 10} In my view, it is improper to presume that, because appellant possessed marijuana and likely used the stem to smoke marijuana, she also was aware that someone — some time — used the stem to smoke cocaine. There must be evidence to show that the defendant knew that she possessed cocaine. I find none in this record. Accordingly, I would sustain appellant's first assignment of error and conclude that the trial court erred in overruling appellant's Crim.R. 29 motion.